JOHN LYNCH and another *v.* MARY A. CASHMAN.

Although, by the *terms* of the building contract, payments may become pay-able from the owner to the contractor after the lien is filed; a subcontractor has no remedy under the act of 1851, if such payments have in good faith been previously anticipated and discharged.

Otherwise, however, if the prepayments were designed to evade the statute and defraud the laborer or material man of its benefits.

NISI PRIUS, MAY, 1857.
Before BRADY, J.

THIS was an action instituted under the statute of 1851, "for the better security of mechanics and others," to enforce a claim for labor performed and materials furnished by the plaintiffs, pursuant to an agreement with a builder, in conformity with the latter's contract with an owner of a house and lot.

The ordinary proceedings having been taken to effect and bring to a close a lien upon the premises, issues were joined, upon complaint and answer, between the subcontractors as plaintiffs and the owners as defendant.

The cause came before the court and a jury, in its order upon the trial calendar.

The original contract for the erection of the building pro-vided that the builder should receive his payments, in install-ments at intervals of time. Some of these periods of payment, as fixed in the contract, were subsequent to the filing of the plaintiffs' notice of lien. But the testimony disclosed the

Lynch *v.* Cashman.

fact, that the owner had anticipated the times when the install-ments would become payable, and had paid them to his con-tractor, in full, before the lien was docketed with the county clerk. In all respects, except as to time, the payments were made in conformity with the provisions of the contract.

The plaintiffs offer testimony to show that the object of the owner in anticipating the periods of payment, and in making the advances before the performance of the work, was to defraud the plaintiffs and prevent them from availing them-selves of the provisions of the mechanics' lien law.

The testimony was objected to by the defendant's counsel, who insisted, that by the statute the plaintiffs acquired no equitable remedy, other than to secure the money actually due or to become due to the contractor at the time and after the notice of lien was filed; that the fact, that as between the owner and his contractor, all claims for payment were satisfied, was conclusive upon the claimants, and a legal, absolute bar to the maintenance of any action or proceeding under the statute in question.

The court, BRADY, J., presiding, admitted the proffered testi-mony, but held, at the close thereof, that the allegations of fraud and bad faith were so clearly negatived, as to render proper a dismissal of the suit.

Upon the defendant's motion, the complaint was therefore dismissed, with costs.

*John Moody,* for the claimants.

*C. Kessler Smith,* for the owner.